COVINGTON, Judge.
A show cause order was issued herein pursuant to appellee’s motion to dismiss this appeal on the grounds that the law permits only a suspensive appeal from the type of judgment appealed herein, and appellant perfected only a devolutive appeal.
Appellant, Rebecca Crain Christ, was dismissed as provisional administratrix of this succession by judgment of court, and appel-lee, Sharon Haas Crain, was instituted as testamentary executrix. Thereafter, appellant made demand on appellee to pay attorney’s fees incurred during the provisional administration in the amount of $22,000. Appellee objected to this claim through a dilatory exception to improper use of summary process and a peremptory exception of no cause of action.
After a hearing, the trial court overruled both of the appellee’s exceptions, and rendered judgment in favor of appellant and against appellee as testamentary executrix in the amount of $6,000 for attorney fees of the attorney for the provisional administra-trix.
The judgment, dated December 13, 1982, from which this appeal is taken is entitled “Judgment on Application to Set Attorney’s Fees”, and orders the testamentary executrix, Sharon Haas Crain, to pay Robert A. Anderson, Jr., the attorney for the provisional administratrix, the sum of $6,000. On December 13, 1982, notices of judgment were mailed by the clerk of court, and on January 12, 1983, appellant filed a “Petition and Order for Appeal” requesting a devolutive appeal; an order to that effect was signed by the trial court on the same date.
Appellee, the testamentary executrix, filed a motion to dismiss this appeal on the grounds that it is a devolutive appeal, whereas LSA-C.C.P. Article 3308 provides that only a suspensive appeal may be taken from the trial court’s judgment. The record reflects that only a devolutive appeal was perfected in this case.
*747 The appellee contends that the judgment of the trial court was one homologating a tableau of distribution and therefore subject to the constraints of LSA-C.C.P. Article 3308. However, it is clear that the judgment to which the appeal refers is one setting attorney’s fees in a contested proceeding.[1] In the case of Succession of Daste, 254 La. 403, 223 So.2d 848 (1969), the court reviewed a similar judgment and concluded that it was a judgment settling the claims of the parties, not a judgment homologating a tableau of distribution. Such a judgment may be appealed devolu-tively. We find that the motion to dismiss the appeal in this case has no merit and it is, therefore, denied.
MOTION TO DISMISS APPEAL DENIED.

. A judgment homologating a tableau of distri-button is in the record; however, it was not signed until March 3, 1983, or seven weeks after the subject appeal was moved and granted.